

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 3620 W. 102nd STREET, INC., | ) | NO. CV 14-964-UA (DUTYx) |
| Plaintiff, | ) | |
| v. | ) | ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |
| MEANNA KINTAUDI, et al., | ) | |
| Defendants. | ) | |

    The Court will summarily remand this unlawful detainer action to state court because it was improperly removed from the state court by defendant Meanna Kintaudi ("Defendant").

    Specifically, on February 7, 2014, Defendant, having been sued in a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. Further, the Court also issues this separate order remanding the action to the state court to prevent the action from remaining in jurisdictional limbo. Remand is necessary because Plaintiff could not have brought this action in federal court in the first place, and

Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint recites that the amount in controversy does not exceed $10,000. Plaintiff's unlawful detainer action also fails to raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

The Court also takes judicial notice of *3620 W. 102nd Street, Inc. v. Meanna Kintaudi, et al.*, Case No. 13-8823-UA-DUTYx ("*Kintaudi I*"), which was removed to this district on November 27, 2013. *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case). In *Kintaudi I*, Defendant lodged a similar notice of removal based on the same property and the same unlawful detainer complaint filed in Los Angeles County Superior Court. *Compare Kintaudi I*, Dkt. No. 2-1 at 5-7 *with* Notice, Ex. A. On December 13, 2013, the Court remanded the action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. *Kintaudi I*, Dkt. No. 4.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 1725 Main Street, Santa Monica, CA 90401 for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: 2/25/14

GEORGE H. KING
United States District Judge

2